UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ODISH, SAHAR ABROO,
and CRANBROOK CAPITAL
CONSULTING GROUP,

                Plaintiffs,        Civil Action No. 13-13799
                                            Honorable Gerald E. Rosen
v.                                               Magistrate Judge David R. Grand

ROBERT ROSEN, ROSEN &
ASSOCIATES, P.C., and JOHN DOES 1-50,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER [27]**

Before the Court is the Motion to Dismiss or, in the Alternative, to Transfer filed by Defendants Robert Rosen and Rosen & Associates, P.C. (collectively "Defendants") on December 19, 2013. (Doc. #27). Plaintiff Joseph Odish filed a response to this motion on January 16, 2014 (Doc. #30), and Defendants filed a reply brief on January 30, 2014 (Doc. #31). An Order of Reference was entered on February 10, 2014, referring Defendants' motion to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #33). Pursuant to E.D. Mich. L.R. 7.1(f)(2), the Court finds that the facts and legal issues are adequately presented in the briefs and on the record and declines to order a hearing at this time.

**I.    REPORT**

    **A.    Background**

Plaintiffs Joseph Odish ("Odish"), a Michigan lawyer, Sahar Abroo ("Abroo") (Odish's wife), and Cranbrook Capital Consulting Group ("Cranbrook") (collectively, "Plaintiffs") commenced this legal malpractice action on September 6, 2013, against Robert Rosen ("Rosen"), a California lawyer, and Rosen & Associates, P.C. ("RAPC"), a California law firm

(collectively, "Defendants"). (Doc. #1 at ¶¶3-4). As discussed in detail below, Defendants represent Odish and Cranbrook in a civil action pending in the United States District Court for the Central District of California, *Odish v. Cognitive Code Corp. et al.*, Civil Action No. 12-cv-09069-FMO (the "California Litigation"). (*Id.*). Plaintiffs filed this civil action (the "Michigan Litigation") claiming that Defendants' mishandling of that representation has caused Plaintiffs to suffer damages. (Doc. #1).

1. *The Parties*

Odish is a Michigan lawyer employed by the firm Odish & Associates, PLLC, located at 39341 Fulton Court, Suite 100, Farmington Hills, MI 48331. (*Id.*). Abroo has been a Michigan resident at all times relevant to this action. (Doc. #11 at ¶5). Odish controls Cranbrook, a Michigan limited liability company. (*Id.* at ¶4).

Rosen is a California lawyer with RAPC, a California law firm with its only office at 444 S. Flower Street, Suite 3010, Los Angeles, CA. (Doc. #27 at Ex. 8, ¶1). Rosen practiced law from 1973 to 1985 as an attorney in the Division of Enforcement of the United States Securities & Exchange Commission in Washington, DC. (*Id.* at ¶2). Upon leaving the Securities & Exchange Commission in 1985, Rosen moved to Los Angeles, CA, where he opened the private law firm of RAPC, and began practicing business and securities law. (*Id.*).

2. *The California Litigation*

On October 22, 2012, Defendants filed a 7-count, 89-paragraph complaint on behalf of Odish and Cranbrook[1] in the California Litigation against Cognitive Code Corporation, Leslie Spring, Mimi Chen, John Chen, and Sal DiFazio in the United States District Court for the Central District of California. (Doc. #27 at Ex. 3). A 10-count, 132-paragraph amended

---

[1] Also named as a plaintiff in the California Litigation was John Bourbeau, Odish's co-owner in Cranbrook. (Doc. #27 at Ex. 3). Bourbeau is not a party to this Michigan Litigation.

complaint was then filed on May 6, 2013. (*Id.* at Ex. 4). The California Litigation arises out of Odish's minority shareholder interest in Cognitive Code Corporation and the management, business, and legal services the California Litigation plaintiffs provided to Cognitive Code Corporation. (*Id.*). Those plaintiffs assert that they are entitled to a non-dilutable 37.5% ownership interest in Cognitive Code Corporation and seek substantial damages for fraud and misrepresentation (among other claims) against that corporation and the individual defendants. (*Id.*). Defendants assert (and Plaintiffs do not seriously dispute)[2] that the California Litigation is presently stayed because that court has not ruled on Plaintiff Odish's motion to recuse Defendants from further representation. (Doc. #27 at 19). Accordingly, there are no pending deadlines in the California Litigation. (*Id.*).

> 3. *The Michigan Litigation*

After the attorney-client relationship between Plaintiffs and Defendants apparently soured, Plaintiffs filed their complaint in the Michigan Litigation on September 6, 2013.[3] (Doc. #1). There is no dispute that Plaintiffs' claims in the Michigan Litigation arise out of Defendants' representation of Odish and Cranbrook in the California Litigation pursuant to a retainer agreement dated August 17, 2012. (Doc. #27 at Ex. 1). Plaintiffs allege that Defendants have mishandled the California Litigation, and assert claims for legal malpractice, breach of

---

[2] Perplexingly, Plaintiffs admit that the "California Litigation remains pending," (Doc. #30 at 4; *see also, e.g.*, Doc. #11 at ¶¶ 4, 10, 11, 51), while alleging in their amended complaint that they "lost the Underlying Action," (Doc. #11 at ¶ 142), which they defined as the California Litigation. (*Id.* at ¶¶ 10, 157).

[3] Plaintiffs filed a First Amended Complaint on October 20, 2013. (Doc. #10). This amended complaint did not add any additional claims, but merely added Sahar Abroo as a plaintiff seeking emotional distress damages. (*Id.*). Plaintiffs filed a Second Amended Complaint on November 5, 2013, which purported to add additional claims for damages arising out of Defendants' representation of Odish in the California Litigation. (Doc. #11). Although Defendants do not concede that Plaintiffs' Second Amended Complaint was properly filed, they assumed for purposes of the instant motion that this pleading controls, so the Court will do so as well.

fiduciary duty, negligence, breach of contract, breach of the covenant of good faith and fair dealing, and negligent infliction of emotional distress. (Doc. #11).

### B. The Pending Motion in the Michigan Litigation

On December 19, 2013, Defendants filed the instant motion, seeking dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[4] (Doc. #27 at 19-26). Specifically, Defendants argue that Plaintiffs' claims in the Michigan Litigation are not ripe for adjudication at this time because no adjudication on the merits has been made in the California Litigation. (*Id.*). In other words, Defendants argue that Plaintiffs may prevail in the California Litigation, in which case "they will have suffered no cognizable damages" that could be recovered in this legal malpractice action. (*Id.* at 21). In response, Plaintiffs assert that their instant claims are ripe because they allege harm that is both immediate and different from the harm at issue in the California Litigation. (Doc. #30 at 5-7).

### C. Analysis

#### *1. Applicable Legal Standards*

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a civil complaint for lack of subject matter jurisdiction. One instance where subject matter jurisdiction is lacking is where the asserted claims are not yet ripe for adjudication. As the Sixth Circuit Court of Appeals has explained, the ripeness doctrine "is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint

---

[4] In their motion, Defendants also argue that Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction because Defendants do not have sufficient "minimum contacts" with the State of Michigan. (*Id.* at 26-31). Alternatively, Defendants argue that this case should be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. §1404(a). Because this Court is recommending dismissal of Plaintiffs' action for lack of subject matter jurisdiction, it does not address these remaining arguments.

must be dismissed." *Dealer Computer Servs. v. Dub Herring Ford*, 547 F.3d 558, 560 (6th Cir. 2008) (quoting *River City Capital, L.P. v. Bd. of County Comm'rs*, 491 F.3d 301, 309 (6th Cir. 2007)). Ripeness "draw[s] both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Id.* at 560-61 (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)). The ripeness doctrine acknowledges the problem inherent in adjudicating a dispute "anchored in future events that may not occur as anticipated, or at all." *National Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997).

In considering whether a claim is ripe, courts must weigh three factors: (1) the likelihood that the harm alleged by the party will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings. *See United States Postal Service v. Nat'l Ass'n of Letter Carriers*, 330 F.3d 747, 751 (6th Cir. 2003).

### 2. *Application of the Ripeness Doctrine*

In their motion, Defendants assert that Plaintiffs' claims in the Michigan Litigation are not ripe because "there has been no determination of the legal or factual merit of Plaintiff's claim or alleged damages" in the California Litigation. (Doc. #27 at 21). According to Defendants, if the trier of fact in the California Litigation awards Plaintiffs everything they have requested, they will have suffered no cognizable damages. (*Id.*). Or, if the trier of fact finds against Plaintiffs in the California Litigation, but for reasons unrelated to the Defendants' actions, Plaintiffs still will have no claim against them. (*Id.*).

In their response, Plaintiffs concede that "in a legal malpractice case in which the damages sought are covered by the still pending underlying litigation, the ripeness doctrine may

bar the action." (Doc. #30 at 6). However, Plaintiffs assert that, in this case, the damages sought in the Michigan Litigation – which include losses arising from Mr. Odish's treatment as a minority shareholder in Cognitive Code Corporation, losses (and continuing harm) suffered as a result of Defendants' failure to return client files, and losses due to emotional distress caused by Defendants' alleged malpractice – exceed the damages sought in the California Litigation. (*Id.* at 6-7). Thus, Plaintiffs assert that the Michigan Litigation is ripe for adjudication. (*Id.*).

Defendants rely principally on the case of *Hockman v. Schuler*, 2009 WL 1585826 (E.D. Mich. June 5, 2009). (Doc. #27 at 21-23). In that case, the plaintiffs filed suit against their former attorney, Schuler, for the alleged mishandling and settlement of a lawsuit brought against the plaintiffs. Specifically, the plaintiffs had been sued by a group of investors, R&Z, and a settlement agreement was reached whereby the plaintiffs would pay R&Z $1.5 million in timed payments. They also placed into escrow collateral, valued at $2.1 million, which R&Z could execute upon as security. According to the plaintiffs, Schuler informed them that in the event of default, the collateral would serve in lieu of further payment.

The plaintiffs defaulted, and R&Z executed upon the collateral. R&Z then claimed that the plaintiffs still owed them an additional $1.3 million, and obtained a judgment to that effect in Ohio. The plaintiffs did not oppose R&Z in obtaining the judgment, allegedly based on Schuler's advice, but then filed a motion in the Ohio state court to deem the judgment satisfied based on execution of the collateral. While that motion was pending, the plaintiffs filed suit in this court against Schuler alleging legal malpractice, breach of fiduciary duty, and negligence.

Schuler filed a motion to dismiss based on the ripeness doctrine. The *Hockman* court considered the three factors set forth in *United States Postal Service*, *supra,* at 751. With respect to the first factor, the *Hockman* court held that the ripeness doctrine applied because if the Ohio

6

court granted the plaintiffs' motion for satisfaction of judgment, their legal malpractice claim would be rendered moot. *Hockman*, *supra,* at *3. With respect to the second factor, the court noted that, "As part of this malpractice action, plaintiffs claim that Schuler failed to provide adequate representation in the settlement of the underlying matter. The meaning and scope of that settlement, however, remains very much in dispute and will be resolved by the Ohio state court." *Id.* at *4. The court then concluded that the factual record in the federal case remained undeveloped as long as the state matter was pending. *Id.* With respect to the third factor, the *Hockman* court held that the plaintiffs would not be prejudiced by the dismissal without prejudice of their federal court action, because the claim could be asserted if and when the plaintiffs eventually suffered damages. *Id.* at *5. For those reasons, the court held that until the Ohio state court case was resolved, the plaintiffs' federal court malpractice action was not ripe.

Plaintiffs assert that *Hockman* actually supports their position, as that court supposedly "found that injuries not identical to those at issue in an underlying, independent case were in fact ripe." (Doc. #30 at 6-7). Specifically, Plaintiffs point to the following language in *Hockman*:

> Plaintiffs would have this case proceed in a fragmented manner, with some claims for damages going forward – namely damages for loss of the ability to defend the Ohio lawsuit on the merits and loss of the collateral – but damages claims for the potential loss of $1.5 million would be dismissed for lack of ripeness. While the Court may be permitted to proceed in the manner advocated by plaintiffs, the Court finds that the more reasonable approach is to dismiss the unripe claims and stay the remaining claims until the Ohio state court issues its opinion.

*Hockman, supra,* at *4. According to Plaintiffs, because some of the damages they seek in the Michigan Litigation do not depend on the eventual result in the California Litigation, at least that portion of their claims is ripe for review by this Court. (Doc. #30 at 6-7).

Having considered the parties' arguments, this Court is persuaded that Plaintiffs' claims in the Michigan Litigation are not ripe for adjudication. With respect to the first *United States*

7

*Postal Service* factor – the likelihood that the harm alleged by Plaintiffs will ever come to pass – the Court notes that the bulk of the damages Plaintiffs seek arise directly out of Defendants' alleged mishandling of the California Litigation. To the extent Plaintiffs are, in this action, seeking damages arising out of Odish's "treatment as a minority shareholder in Cognitive Code," (Doc. #30 at 6-7 (noting "overlap" in damages)), this is exactly the issue in the California Litigation in which Defendants are (or at least were) representing Odish and Cranbrook. However, the California Litigation remains pending, and that court may yet find in favor of Plaintiffs in that lawsuit. If the California court awards Plaintiffs damages arising from Odish's alleged mistreatment as a minority shareholder in Cognitive Code Corporation, then Plaintiffs may not have any damages of this type to recover in the Michigan Litigation. Thus, there is a significant possibility that this particular harm alleged by Plaintiffs in the Michigan Litigation will not come to pass.[5]

That Plaintiffs purport to seek additional damages – for losses stemming from Defendants' alleged failure to return client files and for emotional distress caused by Defendants' alleged malpractice – does not compel a different conclusion. As an initial matter, even if Plaintiffs could recover emotional distress damages for alleged legal malpractice, which Defendants dispute, these damages too flow from and would be inextricably intertwined with Defendants' alleged mishandling of the California Litigation. Thus, again, if the California Litigation plaintiffs ultimately prevail in that case, Defendants' alleged malpractice may not have caused Plaintiffs any cognizable harm. Similarly, Defendants' alleged failure to return Plaintiffs' "entire client file" seems to be part and parcel of the motion pending in the California Litigation

---

[5] This is particularly true given that the judge in the California Litigation apparently has denied the defendants' motions to dismiss the complaint in that action no less than three times. (Doc. #27 at Ex. 2).

8

to recuse Defendants from representing any of the plaintiffs in that action. (Docs. #1, 10, 11). And, Plaintiffs have not shown why, even if they are unsuccessful in their efforts to retrieve that file, they would necessarily suffer any damages. For all of these reasons, the first *United States Postal Service* factor supports a determination that Plaintiffs' claims in the Michigan Litigation are unripe.

Consideration of the remaining *United States Postal Service* factors compels the same conclusion. The second factor – whether the factual record is sufficiently developed to produce a fair adjudication of the merits – clearly favors dismissal. In this case, as in *Hockman*, Plaintiffs' legal malpractice claim requires proof that Defendants failed to provide adequate representation in the underlying California Litigation. So long as the California Litigation remains pending, the factual record in the Michigan Litigation necessarily remains insufficiently developed, and a fair adjudication on the merits simply cannot be reached. *See Hockman,* at *3-4. *See also Whitney Lane Holdings, LLC v. Sgambettera & Associates, P.C.,* 2010 WL 4259797, at *5 (E.D.N.Y. Sept. 8, 2010) (dismissing legal malpractice claim where it was contingent on plaintiffs' success in a pending case); *Bristol Co. Ltd. P'ship v. Bosch Rexroth Inc.*, 2006 WL 1050109, at *2-3 (D. Colo. Apr. 20, 2006) (same). With respect to the third *United States Postal Service* factor, Plaintiffs would not be prejudiced if the instant action is dismissed for lack of ripeness because they could bring their claims, if necessary, once the California Litigation concludes. *Id.* at *5.

In sum, Plaintiffs have not established the existence of imminent harm, that the factual record is sufficiently developed to produce a fair adjudication on the merits in this action, or that they will be prejudiced by this action's dismissal at this time. *See United States Postal Service, supra,* at 751. Thus, the ripeness doctrine applies and bars Plaintiffs' claims in the instant case.

9

## II.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss or, in the Alternative, to Transfer (Doc. #27) be **GRANTED** and that Plaintiffs' Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.


Dated: February 26, 2014                                            s/David R. Grand
Ann Arbor, Michigan                                                  DAVID R. GRAND
                                                                              United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2014.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager